UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Ricky Pee, #284515, | ) C/A No. 5:13-1275-MGL-KDW |
|---|---|
| Petitioner, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Michael McCall, | ) |
| Respondent. | ) |

The petitioner, Ricky Pee ("Petitioner"), a state prisoner proceeding pro se, files a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial proceedings in this case were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C, with authorization to submit findings and recommendations to the court for final determination. Based on the following, the undersigned recommends the Petition be dismissed as untimely filed pursuant to the applicable statute of limitations.

## I. BACKGROUND

### A. Standard of Review

This court is charged with screening Petitioner's Petition to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The Petition is subject to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. 104-132, 110 Stat. 1214, including the time limit established for filing a § 2254 petition. *See* 28 U.S.C. § 2244(d).[1] Because Petitioner is proceeding pro se, the

---

[1] As discussed more fully below, a 2254 petition is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1).

court is required to construe his Petition liberally, as pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under this less stringent standard, the pro se Petition is subject to summary dismissal. *Haines v. Kerner*, 404 U.S. at 520-21. A court may *sua sponte* dismiss a habeas petition if untimeliness is evident on the face of the petition, and the petitioner is first given a warning and the opportunity for explanation before dismissal. *Hill v. Braxton*, 277 F.3d 701, 706-07 (4th Cir. 2002); *see also Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (district courts are permitted to *sua sponte* consider timeliness of a § 2254 petition).

**B.    Factual and Procedural History**

In his § 2254 Petition, Petitioner challenges his criminal conviction by jury verdict on charges of drug distribution, conspiracy to distribute, and distribution in proximity to a school. Pet., ECF No. 1. On March 4, 2004, Petitioner was sentenced to 20 years of imprisonment, with two 15-year sentences running concurrently. *Id.* The South Carolina Court of Appeals denied his direct appeal. *Id.* at 2. Petitioner also pursued collateral relief by filing a state post-conviction relief ("PCR") action in 2006, which was denied February 11, 2009. *Id.* at 3. His appeal of the PCR action to the South Carolina Supreme Court was denied May 13, 2011. *Id.* at 4. Petitioner filed the instant federal habeas action on May 1, 2013, the date stamped on the envelope indicating receipt by the institutional mailroom. *See Houston v. Lack*, 487 U.S. 266 (1988) (finding that in the event that a limitations issue arises, prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court). Even without considering any time between Petitioner's direct appeal and PCR action, his § 2254 Petition indicates he did not file the instant Petition until well over one year after he had exhausted available state court remedies in May of 2011.

On August 20, 2013, the court issued an Order to Show Cause to Petitioner because the facts he provided in the § 2254 Petition indicated the Petition was untimely filed. As required by *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the Order to Show Cause gave Petitioner notice and required him to file "a factual explanation to show cause why his petition should not be dismissed based on the application of the one year limitation period established by 28 U.S.C. § 2244(d)." ECF No. 10 at 4. Petitioner was ordered to respond to the Show Cause Order by September 13, 2013. *Id.* To date, Petitioner has filed no response to the Show Cause Order, nor has he otherwise communicated with the court concerning the Order.

## II. ANALYSIS

The face of the Petition indicates Petitioner filed for relief pursuant to § 2254 more than one year after his judgment of conviction became final, which is outside of the statute of limitations. *See* 28 U.S.C. § 2244(d). Petitioner did not respond to the court's Order that provided him an opportunity to submit information concerning statutory or equitable tolling to explain his delay in filing a federal habeas petition beyond one year. The Show Cause Order warned Petitioner that without sufficient response, the undersigned would recommend his Petition be dismissed based on untimeliness under the statute of limitations. ECF No. 10.

### A. Statute of Limitations

Pursuant to the AEDPA, an inmate who is incarcerated "pursuant to the judgment of a State court" and who seeks federal post-conviction habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The one-year period to file a § 2254 petition, however, is tolled for the "time during which properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

### B. Statutory Tolling

Petitioner asserts in his Petition that the Supreme Court of South Carolina made a final ruling on May 13, 2011, which exhausted his state court remedies. ECF No. 1 at 4. Petitioner provides no factual allegations that would indicate the running of the limitations statute should be tolled between May 2011 and May 2013, when he filed the Petition under review. The standard § 2254 petition form requires a petitioner to provide information concerning the timeliness of filing the § 2254 petition. The form query states, "TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain [why] the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." *Id.* at 13. That query ends with a footnote that quotes the relevant part of 28 U.S.C. § 2244(d). *Id.* at 14. Petitioner responded to the timeliness question by stating his reliance on the Supreme Court decision of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Petitioner states that he "is bringing this petition to raise grounds that PCR attorney caused to be barred." *Id.* at 13. Arguably, Petitioner believes that the holding in *Martinez v. Ryan* triggers application of 28 U.S.C. § 2244(d)(1)(C) to allow review of his conviction.

4

However, Petitioner's reliance on *Martinez* to avoid the AEDPA's one-year statute of limitations is untenable.

The Supreme Court in *Martinez* did not recognize a new constitutional right and make the new right retroactive in actions for collateral review, so application of 28 U.S.C. § 2244(d)(1)(C) is not applicable in this case. In *Martinez,* the Supreme Court recognized that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315. The Supreme Court established a narrow exception to the holding of *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). *Coleman* provides that claims that are procedurally defaulted in state court cannot be considered by a federal habeas court unless the petitioner can establish cause for the default and prejudice from violation of federal law. In *Coleman*, the Supreme Court held that a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, so the ineffectiveness of post-conviction counsel cannot establish the cause prong to excuse a procedural default and allow federal review of defaulted grounds for relief. *Coleman*, 501 U.S. at 757. A narrow exception is established in *Martinez* that allows for cause to be established based on the lack of counsel, or the ineffective assistance of counsel, in state collateral proceedings, in certain circumstances.

This narrow exception, however, does not impact the application of the AEDPA's one-year statute of limitations, which bars untimely filed petitions. *Martinez* does not provide for the review of untimely claims, but allows for the review of procedurally defaulted grounds in very narrow circumstances. *See McKelvey v. United States*, No. 6:00-cr-00380-GRA-1, 2013 WL 2635886 (D.S.C. June 12, 2013) ("*Martinez* addressed whether a procedural bar, rather than a time bar, should

apply to an ineffective assistance of counsel claim from a state habeas proceeding.") (petition filed pursuant to 28 U.S.C. § 2255). Many courts have similarly concluded that *Martinez* is inapplicable to the determination of untimeliness under the AEDPA one-year statue of limitations. *See Stromberg v. Varano*, No. 09-401, 2012 WL 2849266 at *5 n.37 (E.D. Pa. July 11, 2012) (noting *Martinez* exception does not alleviate petitioner's burden to overcome AEDPA statute of limitations); *Perez v. Williams*, No. 2:12-cv-605, 2012 WL 2389669, at *2 (D. Nev. June 25, 2012) (noting time-barred petition unaffected by *Martinez* decision); *Arthur v. Thomas*, No. 2:01–cv-0983, 2012 WL 2357919, at *8 (N.D. Ala. June 20, 2012) (noting petitioner's habeas claims were not filed "until long after the limitation period provided by the AEDPA had passed," unlike *Martinez*'s timely filed habeas claims); *Yow v. Thaler*, No. 3:10-cv-0005, 2012 WL 2795850, at *2 (N.D. Tex. June 20, 2012) ("The *Martinez* case, however, addressed a claim of procedural default. The case did not address the AEDPA statute of limitations."). Thus, *Martinez* has no impact on Petitioner's federal habeas petition, and does not trigger the application of 28 U.S.C. § 2244(d)(1)(C) (claims alleged in petition rely on new rule of federal constitutional law given retroactive application). Petitioner's federal habeas petition is subject to the AEDPA's statute of limitations, which is not impacted by the holding in *Martinez*.

Properly filed state-court challenges to Petitioner's convictions could toll the time for filing for federal habeas relief. *See* 28 U.S.C. §2244(d)(2). The Petition, however, does not establish sufficient statutory tolling to account for the two years between exhaustion of state court remedies in 2011 and petitioning for federal habeas relief in 2013. Further, Petitioner did not respond to the court's invitation to provide further explanation regarding his Petition's timeliness or untimeliness. ECF No. 10. *See Hill v. Braxton*, 727 F.3d 701. Accordingly, the undersigned finds that, based on

6

the face of the Petition, statutory tolling of the one-year filing limitation in this case does not render the § 2254 Petition timely filed.

### C. Equitable Tolling

Even when, as here, the limitations period is not tolled under 28 U.S.C. § 2244(d)(1) or (d)(2), the court may consider whether the AEDPA statute of limitations is subject to equitable tolling. However, Petitioner's explanation of his delayed filing does not meet the criteria for equitable tolling. A "petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (noting that "rarely will circumstances warrant" equitable tolling of the AEDPA limitations period). Here, the Petition does not allege extraordinary circumstances that prevented Petitioner from timely filing his federal habeas action, so equitable tolling is not established by the Petition.

The Show Cause Order explained that Petitioner could be entitled to equitable tolling and provided Petitioner an opportunity to submit additional factual allegations to raise the issue. ECF No. 10 at 3-4. The Show Cause Order warned Petitioner that failure to provide sufficient information could result in dismissal of his Petition. *Id.* at 4. Petitioner did not respond to the Show Cause Order.

### III. CONCLUSION AND RECOMMENDATION

Upon review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the undersigned finds Petitioner is not entitled to habeas relief because he failed to timely file his Petition in this court. The Petition was not filed within the one-year statute of limitations established by 28 U.S.C. § 2244(d), and neither statutory nor equitable tolling applies to render the Petition

7

timely filed. Petitioner did not respond to the court's Show Cause Order warning of the court's intention to recommend dismissal for untimeliness if Petitioner did not show cause for the delay in filing his Petition. Petitioner does not provide sufficient factual allegations that would toll the running of the one-year limitations statute for the two-year period between May 2011 and May 2013. The § 2254 Petition was filed outside of the one-year statute of limitations.

Based upon the foregoing, the undersigned recommends the Petition filed under 28 U.S.C. § 2254 for Writ of Habeas Corpus be DISMISSED WITH PREJUDICE.

IT IS SO RECOMMENDED.

October 23, 2013  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).