IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ricky Pee, | ) | Civil Action No.: 5:13-1275-MGL |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On May 1, 2013, Petitioner Ricky Pee ("Petitioner"), inmate in the South Carolina Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling and a Report and Recommendation ("Report").

The Magistrate Judge issued a Report, (ECF No. 18), on October 23, 2013, recommending that Petitioner's § 2254 petition be dismissed *with prejudice* pursuant to the applicable statute of limitations. Objections were to be filed by November 12, 2013. Petitioner has filed no Objections to the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report only for clear error in the absence of an objection. *See*

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a thorough review of the record of this matter, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court **ACCEPTS** the Report. (ECF No. 18). It is therefore **ORDERED** that the Petitioner's § 2254 petition for Writ of Habeas Corpus is hereby **DISMISSED** *with prejudice*.

### Certificate Of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

s/Mary G. Lewis  
United States District Judge

November 22, 2013  
Spartanburg, South Carolina

-3-